IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Susan Lord, ) | |
| ) | Civil Action No. 7:13-360-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Belk, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to dismiss the plaintiff's state law claims (doc. 7). The plaintiff alleges causes of action against her former employer for violation of Title VII of the Civil Rights Act of 1964, as amended, and state law causes of action for violations of the South Carolina Human Affairs Law (S.C. Code Ann. §§ 1-13-30, 1-13-80). The defendant removed the case to this court from the County of Spartanburg Court of Common Pleas based upon federal question jurisdiction and supplemental jurisdiction.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The plaintiff alleges that she was employed as a Fine Jewelry Counter Manager in the defendant's Spartanburg, South Carolina, store from August 12, 2010, until September 2011 (comp. ¶¶ 6, 11). She further alleges that she requested a reasonable accommodation of being excused from working on Sundays so that she could participate in church services and because she did not feel it was right to work on the Lord's Day (*id.* ¶¶ 7-8, 11). The plaintiff alleges the defendant did not grant her request, and she therefore resigned from her position in September 2011 (*id.* ¶ 11). The plaintiff filed an administrative charge of discrimination with the South Carolina State Human Affairs Commission ("SCHAC") and with the Equal Employment Opportunity Commission (*id.* ¶ 18). The

SCHAC investigated the administrative charge and, on May 21, 2012, issued its Dismissal and Notice of Right to Sue with its finding of "no cause" (*id.*; doc. 7-1, Peggy Watts aff. ¶ 3; doc. 7-2, SCHAC notice).  On October 8, 2012, the plaintiff received a letter from the EEOC stating that the EEOC had completed a Substantial Weight Review of the SCHAC's determination and agreed with the SCHAC's finding.  The letter further stated that the plaintiff's file was closed with the EEOC and that she could file a lawsuit under federal law within 90 days of her receipt of the Dismissal and Notice of Rights (doc. 9-2, pl. aff. ¶ 4; doc. 9-3, EEOC notice).  The EEOC Dismissal and Notice of Rights also stated:  "The time limit for filing suit based on a claim under state law may be different" (doc. 9-3, EEOC notice).  The plaintiff filed her complaint in the County of Spartanburg Court of Common Pleas on January 4, 2013 (doc. 1-2 at p. 7).

## APPLICABLE LAW AND ANALYSIS

The statute of limitations is an affirmative defense that may be raised in a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).  Here, both parties have submitted matters outside the pleadings in support of their positions (*see* doc. 7-1, Peggy Watts aff.; doc. 7-2, SCHAC notice; doc. 9-2, pl. aff.; doc. 9-3, EEOC letter).  As the undersigned has considered these documents, the motion must be treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d).

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The defendant argues that the plaintiff's state law claims, which are brought under the South Carolina Human Affairs Law, are barred by the applicable statute of limitations. The South Carolina Human Affairs Law provides as follows:

> If a charge filed with the commission by a complainant pursuant to this chapter is dismissed by the commission, or if within one hundred eighty days from the filing of the charge the commission has not filed an action under this chapter or entered into a conciliation agreement to which the complainant is a party, the complainant may bring an action in equity against the respondent in circuit court. **The action must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurs**

3

> **earlier**, except that this period may be extended by written consent of the respondent.

S.C. Code Ann. § 1-13-90(d)(6) (emphasis added).

The plaintiff's claims under the South Carolina Human Affairs Law are based on alleged intentional religious discrimination (comp. ¶¶ 39-45) and failure to reasonably accommodate her religious beliefs (*id*. ¶¶ 46-52). According to the complaint, the defendant's alleged state law violations occurred before the plaintiff resigned from her position in September 2011 (*id.* ¶ 11). As noted above, the SCHAC dismissed the plaintiff's charge on May 21, 2012. Accordingly, under the above cited statute, the plaintiff was required to file her state law claims no later than September 2012.[1]

The plaintiff argues that the statute of limitations for her state law claims was tolled while she had a charge pending with the EEOC. The plaintiff notes that the South Carolina Human Affairs Law expressly provides that actions based on the same facts are not allowed in both federal and state court:

> No action may be brought under this chapter by a complainant if an action based on the same charge has been brought by the Commission, and no action may be brought under this chapter by the Commission if an action based on the same charge has been brought by the complainant. No action may be brought under this chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any federal court. Any action brought under this chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any federal court.

---

[1] Adding 180 days to the date the SCHAC charge was dismissed (May 21, 2012) results in a potential deadline of November 17, 2012, and adding one year to the latest date of the alleged violation results in a potential deadline in September 2012. As the September 2012 date is the earliest deadline, it is the applicable deadline under the statute. *See* S.C. Code Ann. § 1-13-90(d)(6). However, as the plaintiff filed her complaint in state court on January 4, 2013, the complaint is late regardless of which date is used.

4

S.C. Code Ann. § 1-13-90(d)(8). The plaintiff argues that she "did not know if she was going to get the remedy she sought from the EEOC or if they would make her file a private suit, thus she could not file an action in the state court at that time. Of necessity, the South Carolina statute must allow for the tolling of state law claims until the federal agency gives a Plaintiff leave to file a private suit" (doc. 9-1 at p. 3).

Neither party cites controlling case law addressing the issue of whether the filing of an EEOC charge tolls the statute of limitations for a claim of violation of the South Carolina Human Affairs Law, nor has the court located any controlling case law on point. However, the court finds the following cases to be persuasive. The Supreme Court of the United States has held that the statute of limitations for a race discrimination claim under 42 U.S.C. § 1981 was not tolled during the pendency of an administrative complaint in the EEOC, even though the Section 1981 and Title VII claims were based upon the same facts. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 462-66 (1975). The Fourth Circuit Court of Appeals has held, in an unpublished case, that the statute of limitations for state law tort claims was not equitably tolled during the time in which a plaintiff was exhausting administrative procedures as to his Title VII claims, which arose from the same set of circumstances. *McNeal v. Montgomery County, Md.*, 307 Fed. Appx. 766, 771 (4th Cir. 2009). District courts in this circuit have held similarly. In *Tohotcheu v. Harris Teeter, Inc.*, No. 1:11-cv-767, 2011 WL 5873074 (E.D. Va. Nov. 22, 2011), the district court found that the plaintiff's negligence and intentional infliction of emotional distress claims were barred by the statute of limitations, stating:

> The filing of an EEOC charge does not equitably toll the statute of limitations as to related state law claims. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465–66 (1975). Additionally, tolling has been held not to apply in situations where a plaintiff pursues parallel avenues of relief in a government agency. *See Kolomick v. United Steelworkers of America, Dist. 8, AFL–CIO*, 762 F.2d 354, 356 (4th Cir.1985) (refusing to toll a statute of limitations on the basis that the

>plaintiff had filed a charge with the National Labor Relations Board).

*Id.* at *4-5.

Similarly, in *Burks v. Pepsi Bottling Co.*, C.A. No. 7:10-cv-312, 2010 WL 4065565 (W.D. Va. Oct. 15, 2010), the district court stated in dicta:

>Burks has not argued that the statute of limitations as to his related state law claims should be equitably tolled while his claim was pending before the EEOC. But such an argument would not aid Burks even if he had made it, because "tolling has been held not to apply in situations where a plaintiff pursues parallel avenues of relief." *Kolomick v. United Steelworkers of America, Dist. 8, AFL–CIO*, 762 F.2d 354, 356 (4th Cir.1985) (refusing to toll a statute of limitations on the basis that the plaintiff had filed a charge with the National Labor Relations Board). Therefore, the mere filing of an EEOC charge does not equitably toll the statute of limitations as to related state law claims. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465–66, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (holding that filing an EEOC charge does not toll the statute of limitations as to a § 1981 cause of action arising from same events); *Ashjari v. Nynex Corp.*, 182 F.3d 898, 1999 WL 464977, at *2 (2d Cir.1999) (applying *Johnson* to state law claims); *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322–23 (7th Cir.1992) (same). *See also Nealon v. Stone*, 958 F.2d 584, 593 (4th Cir.1992) (holding that pending EEOC determinations tolled a statute of limitations, but noting that "it is not the mere filing of a claim that we hold equitably tolls the statute, but rather an apparently favorable agency decision."). Accordingly, Burks' defamation claims must be dismissed.

*Id.* at *6.

Furthermore, to properly invoke the equitable tolling doctrine, the plaintiff must show: 1) extraordinary circumstances; 2) beyond her control; 3) that prevented her from filing on time. *Rivers v. Bannister*, C.A. No. 3:11-194-MBS-PJG, 2012 WL 486178, at *6

6

(D.S.C. Feb. 13, 2012) (citing *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003)).  The plaintiff states in her affidavit that after she received the Dismissal and Notice of Right to Sue from the SCHAC, she "was told to file an EEOC case and that [she] had to wait to find out the disposition of that investigation before [she] could do anything further" (doc. 9-1, pl. aff. ¶ 3).  Equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  The plaintiff's affidavit fails to identify any representative of the SCHAC, the EEOC, or the defendant as misleading her in this regard. *See Citicorp Person-To-Person Financial Corp. v. Brazell*, 658 F.2d 232, 235 (4th Cir. 1981) (finding the plaintiff's mistake was "not induced by the EEOC, and surely not by her former employer.  Under these circumstances, we find no basis for the application of an equitable tolling doctrine, even if we were to embrace it in principle.").  This court finds the plaintiff's vague suggestion that she was misled by some unidentified person as to when she should file her state law claims is insufficient to justify equitable tolling.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendant's motion to dismiss the plaintiff's state law claims (doc. 7) should be granted.

IT IS SO RECOMMENDED.

May 13, 2013                                                        s/ Kevin F. McDonald
Greenville, South Carolina                                  United States Magistrate Judge

7